tion, owned or controlled by the same interests. All the facts concerning the ownership of the stock are clearly defined in the foregoing findings of fact and we have now only to inquire whether the ownership as shown can be held to be an ownership or control by the *same interests*.

It appears from the record that Sol and Eli Schloss promoted and organized these two corporations and established the business carried on by them. In organizing such businesses they selected employees at each of the two stores to whom they offered the privilege of undertaking to purchase a small number of shares of stock of the respective stores, and two of such employees at the Monmouth store and one at the Indianapolis store bought, or agreed to buy, a small number of shares with the understanding that they could pay for the same by having such dividends as might be earned by such shares credited upon the purchase price thereof. This arrangement between the promoters of the enterprise and their employees served to give such employees a stake in the business and to bring them into close association with the principal owners and thus to become identified with the management of the businesses. Such association, in a closely owned business like the instant case, brings these employee stockholders into such a relation with the principal owners that their interest is a negligible one, compared with that of the principal owners. Under these circumstances, substantially all the stock of the corporations in all of the years in question was owned by Sol and Eli Schloss.

It has been argued in behalf of these taxpayers that the two stores were operated entirely independent of each other and in no sense as a single business unit and it must be taken for granted that the record in this case does not contain any evidence of intercompany transactions or relations between the two stores other than that they are owned, operated, and controlled by the same stockholders. The Revenue Acts of 1918 and 1921, however, use the imperative, saying in substance that when the stock of two or more corporations is owned by the same interests the tax *shall* be levied upon the basis of consolidated returns. Thus, having arrived at the conclusion that the five stockholders of these two corporations are so closely associated and their interests are so nearly identical that they must be held to be a group coming within the meaning of the *same interests*, we are compelled to find that under the 1918 and 1921 acts the tax must be computed upon the basis of a consolidated return.

---

**Appeal of J. D. BOWLES.**                              **Docket No. 245.**

Submitted January 29, 1925; decided February 12, 1925.

*J. D. Bowles*, the taxpayer, in his own behalf.

*Arthur H. Fast, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, and TRAMMELL.

### FINDINGS OF FACT.

The taxpayer is an individual residing in New York City, N. Y. In making his income-tax return for 1921 he deducted from his gross income the following items:

1. An item of $450 as money advanced to his brother for educational expenses;
2. An item of $250 as money contributed to the support of his partially dependent mother;
3. An item of $1,200 as money given in payment of a loan by his grandfather to complete the taxpayer's education.

Item 1 the taxpayer deducts as a bad debt; item 2 as a contribution to his partially dependent mother; and item 3 as a necessary business expenditure. The Commissioner has disallowed all the above items as deductions from gross income and has determined that a deficiency in tax is due in the sum of $154.

### DECISION.

The determination of the Commissioner is approved.

---

## Appeal of DAVIDSON ORE MINING COMPANY.                Docket No. 873.

The deficiency is determined in accordance with stipulation filed by counsel.

Submitted January 28, 1925; decided February 12, 1925.

*J. A. Albrecht, Esq.*, for the taxpayer.

*George K. Bowden, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal is based on a deficiency in income and profits taxes for the year 1919. At the hearing of the case on January 28, 1925, counsel for the Commissioner was granted leave to file a stipulation entered into by counsel whereby it is agreed that a determination of the tax liability of the taxpayer for 1919 involves adjustments for prior years which result in an overassessment in the sum of $1,860.67 for the years prior to 1919, and a deficiency of $4,404.27 for the year 1919.

### DECISION.

The Board finds that there is an overassessment in the sum of $1,860.67 for the years prior to 1919; that the deficiency for the year 1919 is $4,404.27, and that the net deficiency for all the years is $2,543.60. The deficiency originally asserted by the Commissioner is allowed in part and disallowed in part.